Thomas L. **MEROS**, Plaintiff,

v.

**CITY OF EUCLID, OHIO, the Council for the City of Euclid, Ohio, Anthony J. Giunta, etc., David Lombardo, etc., Patrick Rocco, etc., Michael Kosmetos, William DeMora, Mark Jochum, George Carson, Nick Marino, Ted Theodore, Donald Malone, Joseph Farrell, Ed Sustarsic, etc., Defendants.**

**No. C83–4353.**

United States District Court,
N.D. Ohio, E.D.

Aug. 15, 1984.

Ford L. Noble, Ford L. Noble & Associates, Cleveland, Ohio, for plaintiff.

Henry B. Fischer, Asst. Director of Law, City of Euclid, Euclid, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER

KRENZLER, District Judge.

Plaintiff commenced this action on October 26, 1984, alleging violations of 42 U.S.C. § 1983 for infringement of his First Amendment rights. Plaintiff seeks in part a declaratory judgment pursuant to 28 U.S.C. § 2201 that City of Euclid Ordinance 75–1982 unconstitutionally deprives him of freedom of speech, as well as an order enjoining defendant from enforcing said ordinance. Ordinance 75–1982 prohibits the display of political lawn signs within the city but allows political window graphics within an occupied residence. Defendants

filed an amended joint answer on November 28, 1983.

The Court maintains jurisdiction in this action under 28 U.S.C. §§ 1331 and 1343(3).

Plaintiff filed a motion for a temporary restraining order in this action on October 26, 1984. On October 27, 1984, the Court overruled the motion for a temporary restraining order. The case was tried by the Court without a jury on February 23, 1984. At the close of plaintiff's case-in-chief, the Court dismissed the following defendants from the action: Council for City of Euclid, Mayor Anthony Giunta, David Lombardo, Patrick Rocco, Michael Kosmetos, William DeMora, Mark Jochum, George Carson, Nick Marino, Ted Theodore, Donald Malone, Joseph Farrell, and Ed Sustarsic. The City of Euclid remained as the only defendant.

The Court, based on the testimony and documentary evidence presented at trial, makes the following findings of fact and conclusions of law.

In October, 1983, plaintiff, a candidate for political office in the election to be held on November 8, 1983, constructed political lawn signs designed to advance his candidacy. Plaintiff and several of his supporters placed these signs in the front yards of their homes. Prior to the election, employees of the City of Euclid removed the signs from the properties of several of plaintiff's supporters, pursuant to Ordinance 75–1982 which does not permit political lawn signs in residential areas within the city. Plaintiff was advised that the signs were in violation of the Ordinance.

The statutory scheme regulating the placement of signs in residential districts in the City of Euclid is as follows.

Pursuant to zoning ordinance § 1377.01 of the Codified Ordinances of the City of Euclid, Ohio, signboards or advertising signs are prohibited in residential areas with the exception of "For Rent" or "For Sale" signs as an accessory use to the residence.[1]

Chapter 1743 of the Codified Ordinances, entitled "Street Graphics," regulates the construction and placement of signs where permitted by zoning. In particular, Section 1743.24 of this Chapter prohibits wall, roof, projecting or pole-mounted graphics in any residential zoning district.[2]

Exemptions to the total prohibition in § 1743.24 are set forth in § 1743.32 which provides that the regulations of Chapter 1743 do not apply to certain graphics. Section 1743.32(a) permits nonilluminated real estate advertising graphics to be displayed in residential areas. The signs may not exceed five square feet in area and must advertise the sale, rental, lease or management of the premises on which the graphic is located.

Section 1743.32(h) exempts political graphics which comport with the regulations of that section from the total prohibition against graphics. Ordinance 75–1982, adopted April 5, 1982, amended § 1743.-32(h) to permit political graphics in residential areas only to the extent of window graphics within an occupied residence. Section 1743.32(h), as amended, provides that:

> (h) Political graphics shall be permitted for a period of not more than (17) days before and five (5) days after an election, with the size of said graphics not to exceed two square feet in area per graphic and said graphics to be located within an occupied residence as window graphics not to exceed two political graphics per residence.

Defendant presented evidence at trial that political lawn signs pose traffic safety and aesthetic problems which Ordinance 75–1982 was intended to alleviate.

1. Section 1377.01(c) provides that:
   A billboard, signboard or advertising sign shall in no case be permitted as an accessory use. The placing of a "For Sale" or "For Rent" sign shall however be permitted as an accessory use.

2. Section 1743.24 provides that:
   No wall graphic, roof graphic, projecting graphic or pole-mounted graphic shall be permitted in any residential zoning district as delineated on the present or any hereafter adopted official zoning map.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Under § 1983, plaintiff may only recover for violations of his constitutional rights committed by persons acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Defendant City of Euclid acted under color of state law in enacting and enforcing Ordinance 75–1982, which by implication prohibits political lawn graphics. The issue before the Court, therefore, is whether the ordinance prohibiting political lawn signs abridges plaintiff's freedom of speech within the meaning of the First Amendment.

Ordinance 75–1982 prohibits plaintiff from communicating political messages in residential areas in a certain manner, i.e., by means of lawn graphics, but permits such messages in the form of indoor window graphics of a certain size. The Ordinance therefore curtails political speech to a certain extent in residential areas. However, not all curtailments of speech constitute a violation of First Amendment rights, for the state may limit speech when necessary to advance a significant and legitimate state interest. *Schenck v. United States*, 249 U.S. 47, 52, 39 S.Ct. 247, 249, 63 L.Ed. 470 (1919).

The degree of limitation on speech permitted under the First Amendment varies depending on what the laws curtailing speech are actually regulating. Laws regulating the time, place or manner of speech which are neutral to the speaker's point of view are permissible if the incidental restrictions on the alleged First Amendment freedoms are no greater than is essential to further a substantial governmental interest. *Linmark Associates, Inc. v. Township of Willingboro*, 431 U.S. 85, 93, 97 S.Ct. 1614, 1618, 52 L.Ed.2d 155 (1977); *City Council v. Taxpayers for Vincent*, — U.S. —, —, 104 S.Ct. 2118, 2129, 80 L.Ed.2d 772, 787 (1984).

The standards for reviewing time, place, and manner restrictions are irrelevant in the instant action, however, because the City of Euclid Ordinance 75–1982

is not neutral to the speaker's point of view. The city has prohibited the placement of political lawn signs in residential areas, contending that such regulation is necessary to alleviate aesthetic and safety problems. Nevertheless, the city permits "For Sale" and "For Rent" lawn signs in the same residential areas with the only restriction being that the signs not exceed five square feet. Furthermore, the evidence at trial indicated that a substantial number of these "For Sale" and "For Rent" signs are displayed within the city at any given time.

The city, by banning political lawn signs but allowing "For Sale" and "For Rent" lawn graphics, indicates a conclusion on its part that the communication of commercial information concerning the sale or rental of a residence is of greater value than homeowners' or renters' rights to express political beliefs on their lawns. The Court concludes, therefore, that Ordinance 75–1982 displays a non-neutral position to the type of speech permitted on the lawns of the city's residential areas.

As stated in the recent Supreme Court case of *City Council v. Taxpayers for Vincent, Id.* at —, 104 S.Ct. at 2128, 80 L.Ed.2d at 786, the general rule has emerged that the First Amendment forbids the government from regulating speech in ways that favor some viewpoints over others. Furthermore, the First Amendment permits the regulation of commercial speech to a greater degree than noncommercial ideological speech. *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507, 101 S.Ct. 2882, 2892, 69 L.Ed.2d 800 (1981).

Based on these rules, the plurality of the Court in *Metromedia* held that a San Diego city ordinance was unconstitutional on its face to the extent that it prohibited on-site noncommercial billboard messages but permitted on-site commercial billboard messages. The Court reasoned that a city cannot, through its ordinances accord commercial speech a greater degree of protection than noncommercial speech at the same location.

In the instant action, the city has failed to explain how or why political lawn signs in residential areas are more threatening to safe driving or detract more from the beauty of the city than "For Sale" or "For Rent" signs in the same area.

The city offered evidence at trial that residents of the city display more political lawn signs at election time than they display "For Sale" or "For Rent" signs. The evidence at trial, however, indicated that a substantial number of "For Sale" or "For Rent" lawn signs are posted in residential areas of the city at any given time. The city also presented evidence that the "For Sale" and "For Rent" signs are constructed of sturdier materials which better withstand weather conditions and therefore present less of a safety hazard.

However, the evidence offered as to the quantity or quality of political signs displayed is irrelevant in this action because Ordinance 75–1982 bans *all* political lawn signs regardless of construction, while § 1743.32(a) places no number or construction limitations on the permitted "For Sale" or "For Rent" signs.

The Court therefore finds that City of Euclid Ordinance 75–1982 which prohibits political lawn signs in residential areas while § 1743.32(a) permits "For Sale" and "For Rent" lawn signs, reaches too far into the realm of speech protected by the First Amendment by distinguishing and preferring commercial speech. Thus, the Court concludes that the City of Euclid violated 42 U.S.C. § 1983 by infringing upon plaintiff's First Amendment free speech rights.

Accordingly, the Court declares the City of Euclid Ordinance 75–1982 to be unconstitutional on its face to the extent that it prohibits political lawn signs in residential areas, while § 1743.32(a) permits lawn signs which carry the message that a residence is "For Sale" or "For Rent," in the same areas. The Court further enjoins the City of Euclid from enforcing Ordinance 75–1982.

The City is not, however, left defenseless regarding the safety and aesthetic concerns it has raised relating to lawn signs.

The city remains free to place reasonable limitations on the time, size, and construction standards for lawn signs within its residential areas. The city could limit the size of lawn sizes. Since lawn signs serve different functions, the city is free to limit the use of the lawn signs to the time framework within which the lawn signs serve their function. The city could restrain lawn signs promoting political candidates to a reasonable period surrounding the election in question. The time framework for "For Sale" and "For Rent" signs could be limited to the period in which the residences are actually for sale or for rent. The city is also free to adopt reasonable construction standards for lawn signs in order that the signs withstand weathering.

In conclusion, the Court does not hold here that the city may not regulate political lawn signs. The Court merely finds the City of Euclid Ordinance to be unconstitutional on its face to the extent that it prohibits political lawn signs in residential areas which § 1743.32(a) of the Euclid Codified Ordinances permits commercial "For Sale" or "For Rent" signs in the same areas.

IT IS SO ORDERED.