780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
THOMAS L. MEROS, Plaintiff-Appellee
v.
ANTHONY J. GIUNTA, et al., Defendants.
CITY OF EUCLID, Defendant-Appellant.
 No. 84-3786.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1985.
 
 N.D.Ohio, 594 F.Supp. 259
 VACATED; APPEAL DISMISSED.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MERRITT, MARTIN and JONES, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Appellant, City of Euclid, appeals a District Court ruling that it violated the constitutional rights of Appellee in enforcing a municipal ordinance banning the use of political lawn signs in residential neighborhoods. The Ohio Court of Appeals, Eighth District, found the ordinance invalid under the free-speech provisions of the Ohio and United States Constitutions. City of Euclid v. Grace Mabel, #47856 (Sept. 27, 1984). The Ohio Court of Appeals' decision invalidating the ordinance and rendering it void and unenforceable under the Ohio Constitution has now become final, and since plaintiff asked only for declaratory and injunctive relief, no decision of this Court based on Federal law could have any effect the parties. Accordingly, the case is moot and we vacate the District Court's judgment and dismiss the appeal as moot.
 
 I.
 
 2
 The ordinance in question, Euclid Codified Ordinances Secs. 1743.32(H), 1743.24 and 1377.01(c), prohibited the posting of lawn signs except for "for sale" and "for rent" signs located on the property to which they refer. On October 23, 1983, Appellee Meros, then a candidate for the Euclid City Council, placed political signs in the yards of supporters. The City of Euclid removed the signs and cited the supporters for violation of the ordinance. The residents were convicted, fined, and placed on probation. On appeal, the Ohio Court of Appeals found the ordinance invalid under the free speech provisions of the Ohio and United States Constitutions. The Ohio Supreme Court declined review.
 
 II.
 
 3
 It is well settled that before a federal court may decide a case there must be an actual "case or controversy" before the court, such that a litigant has suffered "actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 78 L.Ed.2d 58, 104 S.Ct. 373 (1983). See also 6A Moore's Federal Practice Sec. 57.13. In this case, the Ohio Court of Appeals' ruling invalidating the ordinance under the Ohio Constitution has become final. This ruling bars the City of Euclid from enforcing the ordinance just as effectively as if it had been repealed. Accordingly, we vacate the District Court judgment on grounds of mootness and dismiss the appeal.